*Diagnostic Labs. v Perales,* 74 NY2d 539, 546-547; *Matter of Rubin v Campbell,* 48 NY2d 805; *Matter of Siddiqui v New York State Dept of Social Servs.,* 116 AD2d 909, 911). (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, Stone, J.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ KARIN J. LESNICK, Appellant, v GARY P. LESNICK, Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The court properly dismissed plaintiff's cause of action for divorce based on cruel and inhuman treatment *(see, Brady v Brady,* 64 NY2d 339; *Stagliano v Stagliano,* 132 AD2d 975). However, although the court properly found that plaintiff knowingly violated a previous order restraining both parties from transferring or disposing of any property in the marital estate, the court erred in ordering her to transfer the remaining money to defendant's attorney, to be held in escrow pending the ultimate outcome of any further matrimonial proceeding. There is no pending matrimonial action, and, because defendant failed to show actual damages or pecuniary loss *(see, Rechberger v Rechberger,* 139 AD2d 906; *Frankel v Frankel,* 111 AD2d 447, 448), the fine imposed must be limited to $250, plus costs and attorney's fees incurred in seeking the contempt order (Judiciary Law § 773).

We further find that plaintiff is not entitled to an award of attorney's fees. Although the denial of attorney's fees is not an authorized sanction for contempt (Judiciary Law § 773), and thus that portion of the judgment must be deleted, we find nonetheless that plaintiff was not entitled to attorney's fees. She has not appealed from the court's award of attorney's fees to defendant, other than to make the unsubstantiated argument that the court erroneously awarded attorney's fees to defendant as a sanction for plaintiff's contempt, and clearly both parties cannot be awarded attorney's fees against each other. Furthermore, plaintiff's misconduct is an appropriate factor to consider in determining whether to award attorney's fees *(see, Simons v Simons,* 139 AD2d 959, 961; *Davis v Davis,* 128 AD2d 470, 479-480). (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—divorce.) Present —Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ SANDRA M. LILLARD, as Administratrix of the Estate of LAMONT C. LILLARD, Deceased, Appellant, v DONALD F. CARTER et al., Defendants. MORRIS, CANTOR, ZILLER & BARNES, Nonparty Respondent.—(Appeal No. 1.)—Appeal unanimously dis-

missed without costs *(see, Loafin' Tree Rest. v Pardi,* 162 AD2d 985). (Appeal from order of Supreme Court, Erie County, Forma, J.—attorney's fees.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ Sandra M. Lillard, as Administratrix of the Estate of Lamont C. Lillard, Deceased, Appellant, v Donald F. Carter et al., Defendants. Morris, Cantor, Ziller & Barnes, Nonparty Respondent. (Appeal No. 2.)—Order unanimously affirmed with costs. Memorandum: Supreme Court, on reargument, properly adhered to its initial determination that the outgoing lawyer's fee be determined at the conclusion of the case. That attorney unequivocally elected to have his contingent percentage fee determined upon settlement or at trial based on the proportionate share of the work performed on the whole case *(see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 458).

Plaintiff also sought reargument or renewal upon the ground that the outgoing attorney was discharged for cause and was, therefore, not entitled to any fee. That issue was not raised on the initial application and was contrary to the position taken by plaintiff's incoming counsel on the initial motion. A party may not use a motion to reargue as the vehicle to assert a new issue, particularly where the issue is contrary to the party's earlier position *(see, Foley v Roche,* 68 AD2d 558, 567-568; *De Blasio v Volkswagen of Am.,* 124 Misc 2d 726). A motion to renew also was an inappropriate vehicle for this request. Facts essential to a determination whether an alleged conflict of interest existed were divulged on the initial application, and plaintiff has failed to demonstrate why the issue could not have been raised at that time *(see, Foley v Roche, supra).* In any event, the record is devoid of evidence that plaintiff actually discharged the outgoing attorney for cause, and absent evidence that the outgoing attorney acted contrary to plaintiff's interests, the court properly rejected the effort to deprive counsel of a fee. (Appeal from order of Supreme Court, Erie County, Forma, J.—renewal.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.

■ Judith A. Freeman, Respondent, v Donald F. Freeman, Appellant.—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Supreme Court erred in nullifying the agreement executed by the parties on May 30, 1979, titled "Agreement Rescinding Separation Agreement" because